[No. 9,138. In Bank. — July 25, 1884.]

## A. MONTGOMERY, APPELLANT, *v.* N. S. MERRILL ET AL., RESPONDENTS.

MORTGAGE — FORECLOSURE — RECEIVER — GROWING CROPS. — A mortgage of land included "the rents, issues, and profits thereof." In proceedings for foreclosure, a receiver was appointed under the provisions of section 564 of the Code of Civil Procedure. At a sale of the land under foreclosure, the sum bid was insufficient to satisfy the mortgage. *Held*, that the mortgage was a lien upon a crop growing upon the mortgaged premises, and that the proceeds of its sale by the receiver should be applied to the payment of the deficiency.

APPEAL from an order of the Superior Court of the county of Colusa directing a receiver to pay over moneys in his hands to the respondents.

The order was made subsequent to the decree of foreclosure and the sale of the land. A receiver had been appointed under the provisions of section 564 of the Code of Civil Procedure, upon the petition of the mortgagee showing that the mortgaged land was not sufficient to satisfy the mortgage debt, and that

the mortgagor was insolvent. The receiver had harvested and sold a crop grown upon the land, and held the proceeds of the sale. The sale of the land under the decree of foreclosure did not realize the amount of the mortgage. The other facts are stated in the opinion.

*H. M. Albery,* for Appellant.

*John T. Harrington,* for Respondents.

SHARPSTEIN, J.—It appears that the receiver took possession of the mortgaged premises and harvested and marketed a crop grown thereon, which had been planted by the defendant. At the foreclosure sale the mortgaged premises did not bring a sum sufficient to satisfy the debt secured by the mortgage, and the plaintiff applied to the court for an order that the money realized from the sale of said crop should be applied to the payment of the deficiency. The application was resisted by the defendants, who made a counter-application to have said money paid to them. The plaintiff's application was denied, and that of the defendants granted. From that order the plaintiff appealed.

This was a case in which the court was authorized to appoint a receiver. (Code Civ. Proc. § 564.)

According to an allegation of the complaint, which was not denied by the answer, in the action to foreclose the mortgage, not only the land described in the complaint, but the rents, issues, and profits thereof, were mortgaged, so that the crop which the receiver took possession of was a part of the mortgaged property. And it appears that the proceeds of the sale of that, when added to the sum realized from the sale of all the other mortgaged property, was insufficient to satisfy the judgment recovered by the plaintiff. The defendants' insistance that because the plaintiff omitted to demand a judgment for a deficiency in case of a failure to realize from a sale of the mortgaged property, a sum sufficient to satisfy the judgment, he is not entitled to the money realized from the sale of said crop, is based on what we conceive to be a misapprehension of the case. The deficiency can only be the excess of the mortgage debt, as established by the judgment, over the sum realized from a sale of all.

the mortgaged property — of which, in this case, the crops constituted a part.

Order appealed from reversed.

Ross, J., THORNTON, J., and McKINSTRY, J., concurred.

Petition for rehearing denied.