[No. 15391.   Department Two.—December 30, 1893.]

WEBSTER TREAT, Respondent, *v.* ASENEATH
DORMAN, Respondent, EARL FRUIT COM-
PANY, Appellant.

Appeal by Successful Party—Relief Not Prayed for—Intendments
in Support of Judgment.—Upon an appeal from a judgment upon
the judgment-roll alone without a bill of exceptions, where it appears
that the party appealing was granted all the relief he asked, his con-
tention that he was entitled to other relief consistent with the case
made by his pleadings and embraced within the issues cannot be con-
sidered, every intendment being in favor of the regularity of the judg-
ment.

Mortgage—Growing Crops—Rights of Subsequent Mortgagee of
Crops—Segregation.—A mortgage purporting to convey the land
with the "rents, issues, and profits thereof" covers not only the land,
but the growing crops as well, and gives the mortgagee the abstract
right, upon foreclosure, to have the entire property sold; yet as between
the mortgagee and a subsequent mortgagee of the crops alone it is
proper for the court, at the request of the latter, to segregate the crops
in order that the surplus, if any, after satisfying the sum secured by
the prior mortgage, may be applied to the extinguishment of the sub-
sequent mortgage.

APPEAL from a judgment of the Superior Court of
Contra Costa County.

The facts are stated in the opinion.

*Holl & Dunn*, for Appellant.

*W. S. Tinning*, for Respondent.

SEARLS, C.—This action was brought to foreclose a
mortgage for thirty-five thousand dollars and interest,
executed July 8, 1891, in favor of plaintiff, by Emery
D. Howe and Ellen D. Thurber, upon a ranch situate in
Contra Costa county. The mortgage purported to con-
vey the land, etc., with the "rents, issues and profits
thereof," and was acknowledged and duly recorded July
10, 1891.

The Earl Fruit Company (a corporation) held a sub-
sequent chattel mortgage executed in due form July 20,
1892, upon the "crops of fruits and grapes now growing

and to be grown during the seasons of 1892 and 1893, upon the same ranch, and which was recorded July 21, 1892."

The Earl Fruit Company was made a defendant in the action, and filed an answer and cross-complaint, in the latter of which it set up its chattel mortgage, and averred there was due thereon eight hundred and eighty-two dollars and sixty-five cents, for which sum it prayed judgment against the mortgagor defendants, and that it be declared a lien upon the "fruit and grape crops of 1893, and prayed further that if plaintiff's mortgage be declared a lien, that the premises be sold separately from the fruit and grape crop of 1893, and that the said fruit and grape crops be next sold and the proceeds thereof, after the payment of any deficiency due the plaintiff, be paid to this cross-complainant upon the said indebtedness," etc.

On the application of the plaintiff, a receiver was appointed in the case January 19, 1893, to take charge, etc., pending the litigation.

The court upon a trial of the cause found in favor of the plaintiff and also in favor of the Earl Fruit Company, and entered a decree for the sale of the real property to satisfy the plaintiff's mortgage; found the lien of plaintiff's mortgage on the fruit crop of 1893, prior to the chattel mortgage, and decreed the proceeds thereof to be applied: 1. To satisfy any deficiency due plaintiff after a sale of the real property; and 2. To the satisfaction of the sum found due said Earl Fruit Company, and secured by said chattel mortgage.

The Earl Fruit Company appeals from so much of the decree as requires the receiver to pay out of the proceeds of the crop of 1893 the deficiency, if any, due to plaintiff, and the residue to said company, etc.

The appeal is presented on the judgment-roll.

It is not often that a party appeals from a judgment granting him all that he asked, and yet in this case just that thing has happened.

The contention of appellant is that it is entitled, under section 580 of the Code of Civil Procedure, to any relief consistent with the case made by its cross-complaint and embraced within the issue.

This is true; still, every intendment is in favor of the regularity of the judgment, and where, as in the present case, the cause comes up on the judgment-roll with no bill of exceptions or statement, and nothing to show that appellant ever even asked for any other or further relief than that which he prayed for and received, it is not perceived on what principle he can be heard to complain.

Waiving all this, however, and the judgment appealed from should be affirmed.

The prior mortgage of the plaintiff in express terms was made to cover the "rents, issues and profits" of the mortgaged premises.

In *Montgomery* v. *Merrill*, 65 Cal. 432, as here, the mortgage was made to cover the rents, issues and profits, and, as here, a receiver had been appointed, during the pendency of the action, who had harvested and sold a crop grown upon the land and held the proceeds.

At the foreclosure sale the mortgaged premises did not bring a sum sufficient to satisfy the debt secured by the mortgage, and the plaintiff applied for an order that the money received from the sale of the crop be applied to the payment of the deficiency, and this court held that under the mortgage thus worded: "Not only the land described in the complaint, but the rents, issues and profits thereof were mortgaged, so that the crop which the receiver took possession of was a part of the mortgaged property."

The contest there was between the mortgagee and mortgagor, but upon principle the lien which is valid as against the mortgagor is equally valid as against a subsequent mortgagee with notice.

In the present case the plaintiff had an abstract right to have the entire property sold, and its value would have been enhanced by so much as the value of the growing crops of grapes and fruit; but as between plain-

C. CAL.—40

tiff and defendant, the latter of whom had a lien on the crops only, it was proper at the request of the latter to segregate the crops in order that the surplus, if any, after satisfying the sum secured by the mortgage to plaintiff, might be applied to the extinguishment of the subsequent mortgage to defendant.

The judgment appealed from should be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.

Hearing in Bank denied.