[L. A. No. 147.   Department One.—February 15, 1897.]

## FIRST NATIONAL BANK OF SANTA ANA, RESPONDENT, *v.* M. ERRECA ET. AL., APPELLANTS.

CHATTEL MORTGAGE—SHEEP—INCREASE AND WOOL NOT COVERED—RIGHTS OF MORTGAGOR.—A chattel mortgage upon sheep only, which does not expressly cover the increase or the wool from the sheep, extends only to the property expressly described, and creates no lien upon the increase and wool; but they are the property of the mortgagor, who may lawfully sell and dispose of the same, and may sell lambs which were in gestation, and wool which was upon the back of the sheep at the date of the mortgage.

APPEAL from a judgment of the Superior Court of Orange County.   J. W. TOWNER, Judge.

The facts are stated in the opinion of the court.

*Gibson & Titus, J. C. Hizar,* and *J. W. Ballard,* for Appellants.

The court erred in finding that the increase of the sheep and wool were subject to plaintiff's mortgage. (Jones on Chattel Mortgages, 4th ed., secs. 56, 122, 149; *Stringer* v. *Davis,* 30 Cal. 318; Civ. Code, secs. 2877, 2883, 2888, 2920, 2955; Broom's Legal Maxims, 506, 516; Sutherland on Statutory Construction, sec. 327; *Perkins* v. *Thornburgh,* 10 Cal. 189, 191; *Chapman* v. *Porter,* 69 N. Y. 276; *Wood* v. *Whelen,* 93 Ill. 153; *Toomer* v. *Randolph,* 60 Ala. 356; Wiltsie on Mortgages, sec. 660; 3 Am. & Eng. Ency. of Law, 180, and cases cited; *Winter* v. *Landphere,* 42 Iowa, 471; *Fowler* v. *Merrill,* 11 How. 375; *Thorpe* v. *Cowles,* 55 Iowa, 408; *Darling* v. *Wilson,* 60 N. H. 59; 49 Am. Rep. 305; *Boggs* v. *Stanny,* 13 Neb. 400; *Funk* v. *Paul,* 64 Wis. 35–41; 54 Am. Rep. 576; *Meyer* v. *Cook,* 85 Ala. 417; *Willard* v. *Ostrander,* 51 Kan. 481; 37 Am. St. Rep. 294; *Bank of Ukiah* v. *Moore,* 106 Cal. 679; *Rohrbough* v. *Johnson,* 107 Cal. 147; *Kellogg* v. *Lovely,* 46 Mich. 131; 41 Am. Rep. 151; *Rogers* v. *Highland,* 69 Iowa, 504; 58 Am. Rep. 230.)

*Victor Montgomery,* for Respondent.

A chattel mortgage of livestock covers the increase without special mention. (*First Nat. Bank* v. *Western etc. Co.,* 86 Tex. 636; *Cahoon* v. *Miers,* 67 Md. 573; *Kellogg* v. *Lovely,* 46 Mich. 131; 41 Am. St. Rep. 151; *Fowler* v. *Merrill,* 11 How. 375; *Rogers* v. *Highland,* 69 Iowa, 504; 58 Am. Rep. 230; *Evans* v. *Merriker,* 8 Gill & J. 39; *Meyer* v. *Cook,* 85 Ala. 417; 2 Blackstone's Commentaries, 404; *Blackhouse* v. *Jett,* 1 Brock. 511; *Forman* v. *Proctor,* 9 B. Mon. 124; *Hughes* v. *Graves,* 1 Litt. 317; *Dyer* v. *State,* 88 Ala. 225; Civ. Code, secs. 2920, 2924, 2926, 2930, 2956, 2988; *Thorpe* v. *Conlen,* 55 Iowa, 408.)

HARRISON, J.—The plaintiff brought this action for the foreclosure of a chattel mortgage upon two thousand three hundred and thirty sheep, that had been executed to its assignors January 18, 1894, by the defendants,

Erreca and Barrandeguy. In April, 1895, the mortgagors had sold to the defendant, Bruschi, fourteen thousand pounds of wool that had been grown upon the sheep described in the mortgage, after its execution, and sheared therefrom by the mortgagors; and in May, 1895, they sold to the defendant, Cassou, eight hundred and fifteen lambs that had been born from the mortgaged sheep subsequent to its execution. The court held that the wool and the lambs thus sold were covered by the mortgage, and rendered judgment directing their sale. From this judgment Bruschi and Cassou have appealed.

In *Shoobert* v. *De Motta,* 112 Cal. 215, 53 Am. St. Rep. 207, it was held that in this state the lien of a chattel mortgage upon domestic animals does not cover the increase of the animals, unless expressly mentioned therein. The provision in section 2955 of the Civil Code, authorizing the execution of a chattel mortgage upon "sheep, and the increase thereof," does not extend the lien of a mortgage upon "sheep" to the "increase" of the sheep, but implies that unless the increase is covered by the terms of the mortgage, it is not included therein. In that case it was also said: "If the mortgagor retains the possession of the mortgaged property he is at liberty to deal with and use it as its owner, and whatever income or profit may be derived from such use belongs to him, and not to the mortgagee." In *Simpson* v. *Ferguson,* 112 Cal. 180, 53 Am. St. Rep. 201, it had been held that the mortgagor of real property was entitled to whatever crops might grow upon the mortgaged property prior to a foreclosure, and it was also said in *Shoobert* v. *De Motta, supra:* "If in the case of sheep, the use to which the mortgagor puts the ewes is for breeding lambs, there can be no sufficient reason given why the lambs that are dropped by the ewes should belong to the mortgagee any more than the wool which is sheared from their backs." The present case presents a question which was not involved or decided in that case, i. e., whether the lien of the mortgage in-

cludes lambs in gestation at its date; but upon the principles of that case it must be held that they are not so included. As the lien of the mortgage extends only to the property described therein, and as the mortgagor remains the owner of the property mortgaged, he has an unrestricted right to sell or dispose of its fruit or increase. His right to dispose of lambs in gestation or wool upon the backs of the sheep at the date of the mortgage, is the same as would be his right to dispose of oranges which were on the trees, or wheat which was in the ground or standing in the field when a mortgage of the land was made.

The superior court erred in holding that the wool sheared from the sheep and their increase was covered by the mortgage and subject to its lien, and it is directed to modify its judgment in accordance with this opinion.

VAN FLEET, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.