Hearing in Bank denied.

---

[Sac. No. 326. Department Two.—April 16, 1898.]

BANK OF WOODLAND, Appellant, v. SOPHIA HERON et al., Respondents.

MORTGAGE—RIGHT TO CROPS—ASSIGNMENT.—The owner of land in possession thereof subject to a mortgage is entitled of right to crops grown thereon prior to foreclosure of the mortgage; and he may transfer title thereto as against the mortgagee of the land, who has no right to the possession of the land, nor any lien upon or right to crops not growing thereon when title passes after foreclosure and sale.

ID.—TITLE OF ASSIGNEE—RECEIVER—ORDER FOR POSSESSION.—An assignee of the owner of the crop who took title prior to the taking possession thereof by a receiver appointed *ex parte* in a suit for foreclosure of the mortgage, without knowledge of such *ex parte* appointment, is entitled to an order directing the receiver to deliver the crops to him, rather than to the mortgagee plaintiff in the foreclosure suit.

ID.—ORDER APPOINTING RECEIVER—TIME OF POSSESSION.—An order appointing a receiver does not constitute *ipso facto* a possession of any property which the party at whose instance the appointment is made has no estate in, or right to, or lien upon, prior to and independent of the appointment of the receiver; and such an order made in a suit for the foreclosure of a mortgage of land which creates no lien upon the growing crops confers no possession thereof upon the receiver prior to an act upon his part taking possession of the crop.

ID.—TRANSFER OF CROP TO ATTORNEY FOR DEFENDANT.—The circumstance that the assignee of the crop was an attorney for the owner who made the transfer is immaterial. The owner of the crop has the right to dispose of it to whomsoever, and in whatever manner, he may please.

APPEAL from an order of the Superior Court of Yolo County directing a receiver to deliver a warehouse receipt for a crop of wheat, to the assignee of defendant. W. H. Grant, Judge.

The facts are stated in the opinion of the court.

Craig & Hawkins, for Appellant.

Walter H. Linforth, and Reese Clark, for Respondents.

McFARLAND, J.—This is an action to foreclose a mortgage on certain described land, executed to plaintiff by David Heron, now deceased, to secure his promissory note for nine thousand dollars. He died before the commencement of the action, but before his death he conveyed the mortgaged premises to his wife, Sophia Heron, now his widow, who is a defendant in the action. There was no administration of the estate of David Heron, but it is averred that demand was made on Sophia Heron for payment of the note, and the case seems to have been tried on both sides as if she stood in the place of and represented the deceased. Certain other persons who are averred to be heirs of the deceased are also made defendants, as claiming some interest in the mortgaged premises. During the pendency of the action the premises were in the possession of one Morris, to whom they had been leased by Sophia Heron for the purpose of raising a crop of wheat thereon during the season ending with the summer of 1896, and he was to give her one-third of the grain raised. The mortgage was upon the land only, no mention being made of the rents, profits, issues, or crops.

The action was commenced on August 10, 1895, at which time it may be presumed that the wheat for the crop of 1896 had not been sowed; on February 1, 1896, an amended complaint was filed, in which there were averments of the depreciation of the mortgaged premises, with intent to show that they were probably insufficient to discharge the mortgage debt within the meaning of subdivision 2 of section 564 of the Code of Civil Procedure, and a prayer for the appointment of a receiver under said section of the code. On that day—February 1, 1896 —the court appointed P. C. Fenner receiver, "to take possession of the premises and receive the rents, income, and profits thereof

pending litigation, and to apply the proceeds thereof, under the order of the court, as the court may direct"; and on February 13th the receiver qualified by giving the undertaking required by the court and taking the oath of office. The appointment of the receiver was made ex parte. The receiver never took, nor attempted to take, possession of the mortgaged land; and he took no action as receiver until the fourteenth day of March, 1896, on which day he, for the first time, served a notice of his appointment as receiver upon Morris, the tenant, and "demanded that said tenant turn over to him the rents, income, and profits from the above-described premises." But previous to that day, viz, on the seventh day of March, 1896, Sophia Heron had sold and assigned to Walter H. Linforth, by a bill of sale, all her interest in the crop of wheat growing on the premises. The tenant Morris did not know of said assignment to Linforth until the twenty-sixth day of March, when it was recorded.

The tenant, Morris, remained in possession, and nothing further was done in the matter by the receiver or the court until after the tenant had harvested the crop. Thereafter, on the first day of August, 1896, Morris delivered at Merritt's warehouse seven hundred and two sacks of wheat, being one-third of the crop. The sacks were marked, "A. W. Morris, rent," and he took a warehouse receipt therefor, dated on that day. He kept the receipt until September 1st, when he asked permission of the court to turn it over to the receiver and to be relieved of further responsibility in the premises; and on said day the court ordered that he deliver said receipt to the receiver and be "released from all responsibility and liability thereon." Afterward, a motion was made for an order requiring the receiver to deliver said warehouse receipt to Linforth, assignee of Sophia Heron as aforesaid. The findings recite that this motion was heard and taken under advisement, "to be disposed of when the final decree should be entered herein"; and it is found that the receiver should deliver the receipt to Linforth. In the eighth paragraph of the final judgment it is decreed that the receiver "forthwith deliver to Walter H. Linforth that certain warehouse receipt," etc., describing the receipt hereinbefore mentioned; and from this part of the judgment the plaintiff appeals. It seems that there was also a separate order, distinct from the final decree, directing the re-

ceiver to deliver the receipt to Linforth, and plaintiff appeals also from this order.  The court finds that at the time of the assignment from Sophia Heron to Linforth the latter was one of her attorneys and "knew this action was then pending," but it does not appear that he then knew of the *ex parte* appointment of the receiver.

The question presented is, whether, upon the facts above stated, that part of the judgment of the trial court which decrees that the wheat in question should go to the assignee of Sophia Heron, and not to appellant, should be reversed; and we see no suffi-. cient grounds for a reversal.

It is true that in this case there is no appeal from the order appointing the receiver; but the mere appointment of a receiver is not a determination of what the court shall order him to do. Except where the moving party has some absolute right to the property sought to be controlled the appointment of a receiver rests in the discretion of the court; and in a case where the court was asked to exercise the power of compelling a person to pay certain rents to a receiver, it was held that: "Whether it should exercise the power was just as much in its discretion as the appointment of a receiver."  (*Rider v. Bagley*, 84 N. Y. 465.)

It is well settled that in California, and in other jurisdictions where there are statutes similar to ours on the subject of mortgages, a mortgagee of land has, by virtue of his mortgage alone, no right to the possession of the land mortgaged or to its rents and profits, and no lien upon or right to the crops not growing thereon at the time title passes after foreclosure and sale.  As was said in *Simpson v. Ferguson*, 112 Cal. 184, 53 Am. St. Rep. 201: "Such lien, so far as the growing crops are concerned, is limited in its effect to the crops growing upon and unsevered from the land at the time of foreclosure.  It does not vest the mortgagee with a right to the crops intermediate the giving of the mortgage and the foreclosure thereof.  Until the latter event, where as in this state the mortgage creates no estate in the mortgagee, but confers only a lien upon the property, the mortgagor is entitled to such crops with the same absolute right and dominion over them as if the mortgage did not exist."  In that case the court quotes section 670 of Jones on Mortgages, in which it is said that: "Even if the rents and profits of the mortgaged

property are expressly pledged for the security of the mortgage debt, with the right to take possession upon default, the mortgagee is not entitled to the rents and profits until he takes possession, or until possession is taken in his behalf by a receiver." In *Kountze v. Omaha Hotel Co.*, 107 U. S. 378, the supreme court of the United States say: "In the case of a mortgage, the land is in the nature of a pledge; and it is only the land itself— the specific thing—which is pledged. The rents and profits are not pledged; they belong to the tenant in possession, whether the mortgagor or a third person claiming under him. . . . . The taking of the rents and profits prior to the sale does not injure the mortgagee, for the simple reason that they do not belong to him." (See *Simpson v. Ferguson, supra,* and cases there cited; also, *Guy v. Ide,* 6 Cal. 99; 65 Am. Dec. 490; *West v. Conant,* 100 Cal. 231; *Freeman v. Campbell,* 109 Cal. 360; *Wagar v. Stone,* 36 Mich. 364; *Hardin v. Hardin,* 34 S. C. 77; 27 Am. St. Rep. 786.) These cases establish the law to be as stated in the following clause of the opinion of *Simpson v. Ferguson, supra:* "From the principles here declared it follows that, the mortgagor being in possession of the land and entitled as of right to the crops grown thereon, it was competent for him to sell, or mortgage, or otherwise dispose of them, and convey good title thereto, as against the mortgagee of the lands or his assigns, at any time prior to the foreclosure of the latter's mortgage."

The claim of the appellant must rest, therefore, entirely upon the appointment of a receiver under subdivision 2 of section 564 of the Code of Civil Procedure. The chapter in which that section occurs does not deal with the specific subject of mortgages, but with the general subject of "Receivers." It provides, generally, that a receiver "may be appointed" in a variety of enumerated cases; and among others, in the case of a foreclosure of a mortgage when the mortgaged property is in danger of being lost or injured or is probably insufficient to discharge the mortgage debt. It is argued with great force that the section must be construed in connection with the provisions of the codes on the subject of mortgages; that, as thus construed, it means that receivers may be appointed in actions to foreclose mortgages only in proper cases—that is, in cases where by the mortgage contract the mortgagee is given a lien upon the specific

property sought to be taken possession of by means of a receiver; and that it is not the purpose of the section to make a new contract for the parties, and to give a lien upon property not included in the mortgage. But, however that may be, there was no possession taken by the receiver in the case at bar of the growing crop until after the sale and assignment by Sophia Heron to Linforth; and, therefore, under any view as to the right to a receivership in this case, the title passed by the assignment to Linforth. If the notice served upon Morris by the receiver be considered an act of possession, still it was not served until after the sale and assignment. The only answer to this proposition is the contention of appellant that the mere order of the court appointing the receiver constituted, *ipso facto*, a possession of the crop, independent of any actual possession by the receiver, or of any attempt by him to take possession. This contention cannot be maintained as applicable to the case at bar. There are, no doubt, authorities—and perhaps a weight of authorities, although there are cases the other way—to the point that the appointment of a receiver operates as a sequestration of the property mentioned in the order of appointment (Beach on Receivers, sec. 205); still it will be found that the cases in which that principle was declared are mainly cases in which complainants at whose instance the receivers were appointed had some estate in or some right to or lien upon the property involved prior to and independent of the appointment of the receiver. Familiar instances of that character are actions to wind up insolvent corporations, to dissolve partnerships, to administer assets or distribute a fund in which all the parties have an interest, or to foreclose a mortgage where, by the provisions of the instrument or the law obtaining in the jurisdiction, the mortgagee has a lien upon the very property sought to be subjected to the receivership. (See *Clinkscales v. Pendleton Mfg. Co.*, 9 S. C. 318; *Wiswall v. Sampson*, 14 How. 52.) In all such cases, the complainants have estates or interests in the property, or liens thereon, independent of and not created by the receivership, and the receiver is appointed to preserve and enforce their pre-existing rights. But in the case at bar the appellant, under his mortgage contract and the laws of this state, had no estate or interest in or lien upon the growing

crop prior to and independent of the receivership; and the rule contended for by him as above stated should not be extended to such a case. If he could acquire any lien through a receiver, it would be a new lien, not pre-existing or created by the mortgage; it would be analogous to a writ of attachment, and would be effective only after possession taken by the receiver, as the writ of attachment would be only after levy.

There is nothing important in the fact that the assignee was an attorney of Mrs. Heron; she had the right to dispose of the property that was not within the mortgage lien to whomsoever and in whatever manner she pleased.

The judgment and order appealed from are affirmed.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.