[Sac. No. 255.   Department Two.—June 16, 1898.]

MODESTO BANK, Respondent, v. W. C. OWENS et al., Appellants.

APPEAL—NOTICE—PROOF OF SERVICE—SEPARATE AFFIDAVIT—DISMISSAL.—The fact that proof of service of the notice of appeal is not attached to the notice, but is embodied in a separate affidavit filed in the court below and printed in the transcript, is of no consequence, and does not entitle the respondent to a dismissal of the appeal, whether the proof of service is or is not required to be brought up in the record, under section 950 of the Code of Civil Procedure.

MORTGAGE—RENTS, ISSUES, AND PROFITS—CHATTEL MORTGAGE UPON CROP.—A subsequent chattel mortgage upon a crop takes precedence of a mortgage upon the land, "and the rents, issues, and profits thereof," which was not executed as the code requires chattel mortgages to be executed; and the proceeds of the sale of the harvested crop cannot be applied to the payment of any deficiency arising upon foreclosure of the real estate mortgage.

ID.—EXECUTION OF CHATTEL MORTGAGE—AFFIDAVIT—PARTNERSHIP.—Where one of the parties to a chattel mortgage is a partnership firm, the affidavit may be made, on the part of the partnership, by one of the members of the firm, described as "of and for the firm."

ID.—NOTICE OF REAL ESTATE MORTGAGE.—The real estate mortgage, not having been executed as a chattel mortgage, did not cover the crop, but constitutes a lien upon the land only; and it is immaterial whether the mortgagee of a chattel mortgage upon the crop had notice of the real estate mortgage or not.

ID.—FORECLOSURE—RIGHTS OF MORTGAGEE OF CROP.—The holder of a chattel mortgage upon the crop, made a party defendant to the foreclosure

of the mortgage upon the land, has an interest in the crop, and need not seek a foreclosure of the chattel mortgage, nor be entitled to such foreclosure, upon the filing of an answer, in order to be entitled to resist the wrongful application of the crop to the deficiency arising upon foreclosure of the mortgage upon the land, which constituted no lien upon the crop.

APPEAL from a judgment of the Superior Court of Stanislaus County. William O. Minor, Judge.

The facts are stated in the opinion of the court.

Nicol & Orr, for Appellant.

Maddux & Stonesifer, for Respondent.

TEMPLE, J.—This is an action to foreclose a mortgage. August 24, 1892, defendant W. C. Owens made to plaintiff a mortgage upon certain lands to secure an indebtedness due it. After a description of the land the mortgage contained the following words, "together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging, and the rents, issues, and profits thereof." It was not executed as the code requires chattel mortgages to be executed. In the fall of 1894 Owens seeded the land to wheat. Defendants Haslacher and Kahn contracted to furnish money to enable Owens to put in the crop, their advancements to be secured by a crop mortgage. Of this contract plaintiff was fully advised before the crop was put in. The wheat was put in under the contract, and the crop mortgage given, executed in due form. Haslacher and Kahn appeared and made their defense in the action.

The court, upon the bringing of the action, appointed a receiver, who took the crop into possession.

The court found the facts as to the crop mortgage and that the indebtedness to Haslacher and Kahn had not been paid.

As matter of law, it was found that the proceeds of the sale of the crop should be applied to the payment of any deficiency due the plaintiff after the sale of the real estate, and the residue, if any, should be brought into court to abide the further order of the court. The decree is in accordance with this finding, and it is from this part of the decree that this appeal is taken.

It is made to appear, perhaps somewhat irregularly, that subsequently to the judgment the receiver harvested and sold the grain, and that the proceeds are now held to await the result of this appeal, there being a deficiency judgment.

The mortgage involved in this case, and the judgment entered, are in all material respects like those considered in *Simpson .v. Ferguson,* 112 Cal. 180. Indeed, the decision rendered in that case seems as apt and appropriate to the main question involved here as it was to that case. This case was tried before that decision was made, or, in all probability, a different conclusion would have been reached.

The counsel for respondent recognize this, but still make a commendable, though desperate, attempt to maintain their judgment. The new points are highly technical, but will be briefly noticed.

1. The notice of appeal was filed June 28, 1895, and there is not attached to it any evidence of service. About two weeks thereafter an affidavit was filed showing service. The contention is, that section 950 of the Code of Civil Procedure does not make this affidavit a part of the record, although in fact brought up, and there is therefore no proof of service, and the jurisdiction of this court is not made to appear. Section 950 does not expressly require or authorize the appellant to bring up proof of the service. If unauthorized it would no more constitute a part of the record when attached to the notice of appeal than it would when not so attached. It has always been supposed that proof of service should appear in the transcript; but, if no law or rule authorizes its being made a part of the record to be certified to this court, then such is not required, and the fact of its absence constitutes no ground for a dismissal. That such proof is not attached to the notice is of no consequence.

It has repeatedly been held that proof of the service of the notice must be made, and the proof of the fact found in the transcript has always been considered sufficient.

2. It is contended that the chattel mortgage of Haslacher and Kahn is void, because it was not accompanied by the affidavit of all the parties thereto. The mortgage names "Haslacher & Kahn" as parties of the second part. The affidavit was made by Louis Kahn, "of and for the firm of Haslacher & Kahn, the

mortgagee in said mortgage named." The complaint avers that Haslacher and Kahn are partners, and that their firm name is Haslacher & Kahn.

It is said that the statute requires the affidavit to be made by "all the parties thereto," and does not authorize any one to make it on behalf of another. If this be true, a corporation can never be a party to a chattel mortgage, for an oath cannot be administered to a corporation. Nor can an agent act for either party in giving or receiving such a mortgage. For some purposes a partnership is regarded as an entity. (*In re Dennery*, 89 Cal. 101.) Many corporations, savings banks and others, have taken such mortgages and they have been upheld. To hold otherwise would be "to stick in the bark."

3. It is said that Haslacher & Kahn had notice of plaintiff's mortgage, and therefore were not encumbrancers in good faith. The plaintiff's mortgage did not cover the crop, but constituted a lien upon the land only, and therefore it did not matter whether they knew it or not. No amount of notice could make it a chattel mortgage. As I understand *Simpson v. Ferguson, supra*, it is there held that such a mortgage does not constitute a lien upon the growing crops, even as against the mortgagor.

4. There is no point in the claim that Haslacher & Kahn cannot be heard because they did not ask to have their mortgage foreclosed. They were not required to foreclose at all, and at any rate the time had not arrived when the answer was filed when they could take the crop in satisfaction of their debt. They had an interest in the crop, and had a right to contend that plaintiff had no lien upon it. As plaintiff had no such lien he could not foreclose as to it, and there was no occasion for Haslacher & Kahn to ask for such relief, even had they been entitled to it.

The judgment is reversed, and a new trial ordered.

McFarland, J., and Henshaw, J., concurred.