## BANK OF WOODLAND v. CHRISTIE et al.

### S. F. No. 1632; September 29, 1900.

#### 62 Pac. 400.

Mortgages—Crops—Foreclosure.—Under a Mortgage of Land, "together with . . . . the rents, issues, and profits thereof," the right of the mortgagor to dispose of the crops growing thereon is not devested by foreclosure proceedings until sale under the decree.

APPEAL from Superior Court, Lake County; R. W. Crump, Judge.

Suit to foreclose a mortgage by the Bank of Woodland against G. W. Christie and others. From an order refusing to appoint a receiver plaintiff appeals. Affirmed.

35

Thos. B. Bond for appellant; R. J. Hudson for respondents.

SMITH, C.—Appeal from an order refusing to appoint a receiver. The plaintiff recovered judgment to foreclose a mortgage executed to it by the defendant G. W. Christie, mortgaging to the plaintiff a certain tract of land, specifically described, "together with the tenements," etc., "and the rents, issues and profits thereof," and under the foreclosure sale purchased the mortgaged premises. The decree was rendered May 19, 1898, and the sale was made June 30th, leaving a deficiency of $149.75. The decree, order of sale and sheriff's certificate of sale follow the mortgage in the description of the premises sold. On July 11th the motion was made to appoint a receiver "to take possession and charge of the crops that were growing on the land mortgaged and ordered to be sold by the judgment in said cause . . . . at the time of the foreclosure, for the purpose of subjecting them to the payment of the judgment." From the affidavits filed it appears that prior to the date of the judgment, May 19, 1898, the mortgagor was the owner of the undivided third of the crop on the land, which is all that is claimed by the appellant, and that this interest was sold by him, and possession delivered to S. G. Christie, who was party to the motion, on the 18th or 19th of May, 1898. Whether this sale was made before or after the decree of foreclosure does not appear. But it was made before the foreclosure sale. The case comes within the principles established in Simpson v. Ferguson, 112 Cal. 180, 53 Am. St. Rep. 201, 40 Pac. 104, 44 Pac. 484, and Modesto Bank v. Owens, 121 Cal. 223, 53 Pac. 552, and on the authority of those cases the order should be affirmed.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order is affirmed.