[Sac. No. 4640. In Bank.—August 17, 1932.]

GEORGE C. SHINTAFFER, Plaintiff and Respondent, v. BANK OF ITALY NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association) et al., Defendants and Respondents; MINNIE E. BACKUS, Appellant.

244

Rich & Weis for Appellant.

Lawrence Schillig for Respondents.

SEAWELL, J.—This action is in the nature of a bill of interpleader filed by plaintiff George C. Shintaffer to determine conflicting claims to a one-fourth portion of the wheat crop grown and harvested by him during the year 1930 on land in Sutter County leased from defendant Henry D. Hook, under a lease providing for delivery of one-fourth of the wheat crop to the lessor. By consent a judgment for one-third of said one-fourth portion of the crop was awarded to Ellis Hook, an incompetent person, who owned an undivided one-third interest in the leased property and did not join in the execution of said lease or any of the other instruments hereinafter referred to. The respondent Bank of Italy, in whose favor the trial court rendered judgment, and appellant Minnie E. Backus assert rival claims to the remaining two-thirds of said one-fourth portion, consisting of 34,706 pounds, valued by stipulation at $500. In our opinion appellant is entitled to a reversal.

The appeal is before us on a bill of exceptions, from which it appears that the case was tried on an agreed statement of facts presenting the single legal question now before this court for consideration. The land leased to Shintaffer by a lease executed on March 1, 1929, was subject to a prior real estate mortgage executed by Henry Hook. The crop in question was planted, grown and harvested by Shintaffer in 1930 during the one-year period of redemption following the foreclosure of the real estate mortgage and sale of Henry Hook's two-thirds interest in the property

to the mortgagee, appellant Backus, on August 24, 1929. Subsequent to the institution of the action for foreclosure of the real estate mortgage, but prior to the foreclosure sale, and while Shintaffer, the lessee, was in possession, Hook executed a crop mortgage in favor of respondent Bank of Italy upon the one-fourth portion of the crop which he was entitled to receive from Shintaffer under the terms of his lease. The real estate mortgage from Hook to appellant Backus was recorded and respondent Bank of Italy, which held a second lien on the realty, was made a party to, and appeared in, the foreclosure action. For the reason that there is no controversy as to the facts, which are stipulated to, it would serve no purpose to recite them in greater detail.

The claim of appellant Minnie E. Backus, mortgagee and purchaser at the foreclosure sale, to the wheat grown during the period of redemption by a lessee of the premises and deliverable to the mortgagor as rent must be upheld. (Section 707 of the Code of Civil Procedure provides as follows: "The purchaser from the time of the sale until a redemption, and a redemptioner, from the time of his redemption until another redemption, is entitled to receive, from the tenant in possession, the rents of the property sold, or the value of the use and occupation thereof. But when any rents or profits have been received by the judgment creditor or purchaser, or his or their assigns, from the property thus sold preceding such redemption, the amounts of such rents and profits shall be a credit upon the redemption money to be paid. . . . " The construction placed on said section by this court in the case of *Clarke* v. *Cobb*, 121 Cal. 595 [54 Pac. 74, 75], is determinative of the question in the instant case. In that case, as in the instant case, the owner of land subject to a real estate mortgage leased the property under a lease providing that the lessee should give annually for the use thereof a portion of the crops of grain and other products of the land. A dispute arose between the executors of the mortgagor-lessor on the one hand and the mortgagee-purchasers at the foreclosure sale on the other, as to the portion of the crops harvested during the redemption period which the lessee had set aside as annual rental. This court reached the conclusion that the crops involved were rent due from the tenant to his landlord, and stated that the matter stood

"exactly as though the land had been rented for a cash rental payable at harvest time", in which event the purchasers would be entitled to the portion of the annual rental earned subsequent to the purchase and prior to the redemption or expiration of the redemption period. Accordingly, the lower court was directed to enter judgment in favor of the mortgagee-purchasers for an amount in proportion as the time intervening between their purchases and the expiration of the year term for which the rent was payable bore to the year rent period. The lower court had erred in entering judgment for the mortgagee-purchasers for the full amount of the rent-portion of the crop, and not limiting the purchasers' recovery to the amount of wheat earned as rent after the foreclosure sale.

No question of apportionment of rent arises in the instant case. The lease term began in March, 1929. The foreclosure sale took place on August 24, 1929. That portion of the crop planted and grown in 1930, and harvested in the summer of that year, which was returnable under the lease as rent, must necessarily be for a rent period commencing after the foreclosure and sale.

The language of the opinion in *Clarke* v. *Cobb, supra,* is directly applicable to the case herein. The court there said: "Rent is a compensation paid for the use of land. It need not be money. . . . These contracts are in no sense cropping contracts. The single difference differentiating them from ordinary conventional leases is that the rent is to be paid in products of the soil, after harvest, rather than in money." The court further declared that if there is nothing in the language of the lease to indicate an intention that the crops raised on the land are to be held in cotenancy, then the products to be delivered to the landlord after harvest by the tenant, will be deemed the property of the tenant until that time, and treated as rent to be then paid.

The rights of the respondent Bank of Italy, the holder of a crop mortgage upon that portion of the crop due the lessor as rent, can be no greater than those of its mortgagor, Hook, in and to said crop. The right of the mortgagee-purchaser Backus to receive the rents from a tenant in possession during the period of redemption was fixed at the time the real estate mortgage was entered into. The mortgagor-lessor by a subsequent chattel mortgage of the

portion of the crop which he would be entitled to receive as rent from his tenant but for an intervening foreclosure and sale, cannot cut off or abridge the statutory rights of the purchaser under a prior mortgage.

Title passes to the purchaser at a foreclosure sale. (Sec. 700, Code Civ. Proc.; *Pollard* v. *Harlow,* 138 Cal. 390 [71 Pac. 454, 648]; 18 Cal. Jur. 612 et seq., and cases there cited.) The law grants to the mortgagor the right to redeem the property and to remain in possession pending the expiration of the period of redemption. If the mortgagor remains in possession personally we do not doubt that he may mortgage and otherwise dispose of the crops harvested during the period of redemption. His crop mortgage would prevail over a purchaser at the foreclosure of an antecedent real estate mortgage for the reason that even in the absence of a crop mortgage the said purchaser would have no rights in the crop. Such cases as *First Nat. Bank of Lindsay* v. *Garner,* 91 Cal. App. 176 [266 Pac. 849], relied on by respondent bank, involved a mortgagor in possession, and are not applicable where the property foreclosed is leased to a tenant, in which event the title acquired by the purchaser carries with it the right to receive rent from the tenant in possession, whether payable in cash or products of the land.

The principle applicable in the instant case in no way conflicts with the rule that a real estate mortgage does not cover growing crops. (*First Nat. Bank of Lindsay* v. *Garner, supra; Simpson* v. *Ferguson,* 112 Cal. 180 [53 Am. St. Rep. 201, 40 Pac. 104, 44 Pac. 484]; *Locke* v. *Klunker,* 123 Cal. 231 [55 Pac. 993]; *Bank of Woodland* v. *Heron,* 120 Cal. 614 [52 Pac. 1006]; *Cowdery* v. *London etc. Bank,* 139 Cal. 298 [96 Am. St. Rep. 115, 73 Pac. 196].) It was by virtue of this principle that we held in *Clarke* v. *Cobb, supra,* that the purchaser was not entitled to the entire portion of the crop harvested during the period of redemption which was payable as rental, but only to the portion earned during that period. ■ A real estate mortgage confers no lien on crops grown during the term of the mortgage, but when the mortgage is terminated by foreclosure and sale, the purchaser as an incident to the legal and equitable title acquired by him is entitled to rent earned during the period of redemption whether payable in money or produce.

The judgment is reversed, with directions to the lower court to enter judgment for appellant Backus on the findings set forth by said court.

Tyler, J., *pro tem.*, Shenk, J., Waste, C. J., Preston, J., and Curtis, J., concurred.