[Department Two.— November 2, 1883.]

WILLIAM McPHERSON, Appellant, *v.* E. J.
WESTON et al., Respondents.

Promissory Note— Liability of Indorser— Transfer for Collection. — The
defendants Forbes and Robinson loaned a sum of money to their co-defendants
Weston and Boushey, and received from them a note for the amount. The
payees then indorsed and transferred the note to the firm of Forbes Bros., of
which the defendant Forbes was a member. The firm indorsed and transferred
the note to the plaintiff, who brought this action, making Robinson and Forbes
defendants. The transfer to plaintiff was without consideration and merely
for the purpose of collection. *Held*, that the transfer to plaintiff was valid, and
that he was entitled to judgment against Robinson as an indorser.

Pleading — Complaint — Demurrer. — A complaint stating facts which entitle
the plaintiff to either legal or equitable relief is not demurrable upon the
ground that it does not state facts sufficient to constitute a cause of action.

Appeal from an order of the Superior Court of the county
of Kern refusing a new trial, and from so much of the decree
as gave judgment in favor of the defendant L. L. Robinson for
his costs.

The facts are sufficiently stated in the opinion of the court.

*Vincent Neale*, and *Henry E. Highton*, for Appellant.

*Lewis Shearer*, for Respondents.

Thornton, J. — This is an action brought by plaintiff on
the 22d of March, 1881, in the Superior Court of the county
of Kern, to foreclose a mortgage against E. J. Weston, Stephen
Boushey, L. L. Robinson, Alexander Forbes, William Temple,
Julius Boushey, Richard Roe, and John Doe. The mortgage
was executed to L. L. Robinson and Alexander Forbes by
Weston and Boushey to secure a promissory note for $5,000,
executed by the latter to the former. The note and mortgage
bear date March 23, 1876, and the former matured one year
after date, and bore interest at the rate of two per cent per
month, compounding. The payees of the note indorsed and
transferred the note and mortgage to Forbes Bros., a co-part-
nership consisting of the above-named Alexander Forbes and
Charles Forbes, who paid $5,000 to Robinson and Alexander
Forbes, and this money was paid over by the last-named per-
sons to the makers of the note. At the time of indorsing this

note the payees waived demand, protest, and notice of the same. It appears that during the time of the existence of the firm of Forbes Bros., Alexander Forbes was the managing partner of the firm. This firm continued in existence until the 1st day of January, 1877.

The above facts were found by the court, and the court further found:—

"That after the maturity of said promissory note, to wit, about the 27th of October, 1880, the said Alexander Forbes instituted an action in this court against E. J. Weston, Stephen Boushey, Julius Boushey, William Temple, L. L. Robinson, John Doe, and Richard Roe (defendants also in this action), upon the said note and mortgage, for a decree for the foreclosure and sale of said mortgaged premises. That the complaint in said action was verified by said Alexander Forbes, and therein it was claimed that there was due to him, the said Alexander Forbes, from the defendant L. L. Robinson, as joint indorser with him of said note, the sum of $2,500 for principal, and $3,697.65 for interest on said promissory note.

"That said Alexander Forbes, in said complaint verified by him, averred that at the maturity of said promissory note, to wit, March 23, 1877, he was compelled to pay and did pay the same, and that he was at the time of the verification of said complaint, to wit, the 16th day of October, A. D. 1880, the lawful owner of said promissory note and mortgage; and in that action said Alexander Forbes sought to recover from the said L. L. Robinson the moiety of the amount said Forbes had paid upon said note, as joint indorser thereof with said Robinson, together with interest thereupon.

"That to the complaint in the action the defendant L. L. Robinson demurred, upon the ground that the same did not state a cause of action against him, and that the cause of action for a contribution therein claimed was barred by limitation. That upon the hearing of counsel thereupon said demurrer was sustained.

"That thereafter, on March 15, 1881, the said Alexander Forbes wrote to the said L. L. Robinson, informing him that said demurrer had been sustained, and threatening to dispose of and transfer the note and mortgage, and have a new suit

brought by the transferee, unless the said Robinson should pay to said Alexander Forbes one half of the principal of said promissory note, with interest thereon at one per cent per month.    That said Alexander Forbes afterwards, on or about the —— day of March, 1881, caused said action, *Forbes* v. *Weston et al.*, to be dismissed, and on the 19th day of March, 1881, indorsed the said promissory note in the name of said Forbes Bros., and delivered the same to William McPherson, the plaintiff in the action.

"That Vincent Neale, Esq., the attorney of the plaintiff in this action, was also attorney for the said Alexander Forbes in said former suit of *Forbes* v.. *Weston et al.*, and said Neale counseled and brought about the transfer of said note and mortgage by said Forbes to said McPherson.    That upon the indorsement and delivery of said promissory note to him, the said McPherson delivered his promissory note of $14,000, payable to Forbes Bros.

"That there was no money or other consideration given therefor.

"That it was understood that said note of $14,000 was not to be paid, and the matter was regarded as an exchange of checks between Forbes and McPherson.

"That said $14,000 note has not been paid."

The court found *inter alia* the following conclusions of law:—

"That on the 1st day of January, 1877, by the dissolution of co-partnership between Charles Forbes and Alexander Forbes, the said note and mortgage became the individual property of Alexander Forbes, and on the 23d day of March, 1877, the said Alexander Forbes was the owner and holder thereof.

"That from Alexander Forbes individually holding the note after the dissolution of said firm of Forbes Bros., it must be presumed that he paid the note at the time of the dissolution."

Judgment was entered against the makers of the note and in favor of Robinson.    The plaintiff appealed.

That the plaintiff had a cause of action on this note, and was entitled to maintain it against the makers and indorsers of the note, there can be no doubt.    The action by plaintiff was brought on the note, and not on any implied contract arising from a loan of money to Robinson by Forbes.    The cause of action was not

barred until the lapse of four years from maturity. The note matured on the 23d of March, 1877, and the action was brought on the 22d of March, 1881. The action was not then barred as to Robinson, on which ground the court below rested its judgment in favor of Robinson.

It is argued that *Chipman* v. *Morrill*, 20 Cal. 130, sustains the view that the action is barred. We see no reason for any such conclusion. The case was this: Chipman, Morrill, and Webster purchased a piece of property together, Chipman taking an undivided one half, and Morrill and Webster each one undivided fourth, and for the purchase money executed their joint note. The note was not paid. Action was brought against the makers above named, and judgment recovered; Execution issued on this judgment was levied on Chipman's property, the property sold, and the proceeds applied to the payment of the judgment.

Chipman brought a joint action against Morrill and Webster to recover their proportion of the debt which had been paid by a sale of his property. The court held, first, that a joint action could not be maintained; and second, that the judgment on the note having been paid by the plaintiff, the action was not on the written instrument, but on the implied assumpsit of each defendant to reimburse what had been paid for each by the plaintiff.

As to the first part the court said: "But the case is not one for contribution between parties who have sustained a common loss upon a common liability. The note of the plaintiff and defendants, upon which the judgment was rendered, was given upon the purchase of real estate in which the parties took separate and distinct interests — the plaintiff one undivided half, and each of the defendants one undivided fourth; and between themselves the obligation of each was to pay for his respective interest. In giving their joint note for the whole amount of the purchase money, each party was principal for the amount of his own interest, and co-surety for the remaining interests. Thus the plaintiff was principal for one half of the purchase money and co-surety with Webster for one fourth of the same for Morrill, and co-surety with Morrill for one fourth for Webster. (*Goodall* v. *Wentworth*, 20 Me. 322.) When, therefore, the

plaintiff paid the entire amount of the judgment recovered upon the note — or what is the same thing, when the proceeds of the property of the plaintiff sold under execution were applied to such payment — he became entitled to maintain an action against the defendant for moneys paid on their account. The demands which he could then assert were several in their character. They were demands not for contribution, but for reimbursement of moneys paid. The action should, therefore, have been against the defendants separately, upon the assumpsit which the law implies where a surety is compelled to advance money for his principal." (20 Cal. 136.)

Here Alexander Forbes and Robinson were not makers of a note, but payees of one. They were joint indorsers, but there had been no payment of the note, as will more clearly appear hereafter. Their relations continued the same as to all the parties who succeeded to the ownership of the note through their indorsement.

If Forbes (when this name simply is used herein, reference is always made to the defendant) should become the owner of the note by indorsement from Forbes Bros., we do not see why Robinson would not be liable to him on the written instrument. Forbes might have maintained an action in some way either at law or in equity by himself or through the agency of another, on the note against Robinson, and we do not see why the action would have been barred in less than four years. It would still have been an action on a written instrument, not barred in less time than the period above stated.

It makes no difference that Forbes could not have maintained an action *at law* against Robinson and himself on the note (and they must have been parties to the action as they were joint indorsers), by reason of the fact that Forbes could not sue himself. Under what is styled the common-law system of procedure he (Forbes) could not have maintained an action at law, but he could have maintained his suit in chancery. He could have set forth the facts in a complaint, and if he was on such facts entitled to a judgment, the court would be bound to grant it to him. (*White* v. *Lyons*, 42 Cal. 282.) In the case just cited the rule is thus stated: "Under the Code there is but one form of action in this State, and if the complaint states facts which

entitle the plaintiff to relief, either legal or equitable, it is not demurrable on the ground that it does not state facts sufficient to constitute a cause of action. If the facts stated are such as address themselves to the equity side of the court, the appropriate relief will be granted by the court, sitting as a court of equity. On the other hand, if the facts alleged are purely cognizable in a court of law, the proper relief will be administered in that form of proceeding. But a complaint which states a sufficient cause of action, either at law or in equity, is not demurrable as not stating facts sufficient to constitute a cause of action." (See *Wiggins* v. *McDonald*, 18 Cal. 126; and *Carpentier* v. *Brenham*, 50 Cal. 551, 552.)

The language just quoted we understand to lay down the correct rule on the subject, and is in accordance with the rulings of the courts of New York, under the system of procedure long ago adopted in that State, by which, like the system in this State, one form of action is established. (See Pomeroy's Rem. and Rem. Rights, pp. 81, 82, 83, etc., and notes, where the cases are cited and commented on; see also Story's Equity, §§ 679, 680, 681.)

Forbes Bros. could transfer the title to this note to the plaintiff, unless there appears in the case an inhibition raised by law.

It will be observed that the court determined as conclusions of law that the joint payees of the note—Forbes and Robinson—indorsed and delivered it to Forbes Bros.; that on the 1st day of January, 1877, by the dissolution of the co-partnership of Forbes Bros., the note and mortgage became the individual property of Alexander Forbes, and on the 23d of March, 1877, Forbes was the owner and holder of the note; that from Alexander Forbes individually holding the note after the dissolution of the firm of Forbes Bros., it must be presumed that he paid the note at the time of dissolution.

Certainly the first proposition stated as a conclusion of law, that the joint payees of the note indorsed and delivered it to Forbes Bros., is not a conclusion of law, but a fact, and had already been found as a fact. The other propositions stated as conclusions of law are not of any law which will stand the test of investigation.

How, merely by a dissolution of co-partnership, a note belonging to the firm becomes by law the property of one member of it, we cannot perceive or understand. The same is true of the last proposition, that because Alexander Forbes individually held the note, that there is a presumption that he had paid it.

If the propositions above stated are matters of fact, we do not find the two latter sustained by the evidence. There is no evidence that the title to the note ever vested in Forbes, and we know of no presumption authorized either by law or fact that Forbes has paid the note, because he at any time held it individually.

We cannot perceive that when it is said that Forbes held the note individually, anything more is meant than that he had it in his individual possession, and this is as compatible with ownership in the firm of Forbes Bros. as with ownership by himself. In fact, it is more in accordance with the other facts found that Forbes Bros. owned the note, because it nowhere appears that they ever indorsed or delivered it to any one, or that title ever passed out of them in any way, until indorsed to the plaintiff. Further, any interference or presumption of ownership by A. Forbes is entirely rebutted by the other facts found; viz., that the note was indorsed to and became the property of Forbes Bros., and there is no evidence that the ownership ever passed out of them but by the indorsement to the plaintiff. Forbes had the right as partner to indorse it in the name of Forbes Bros. to the plaintiff (for the purpose of collection), to enable the plaintiff to bring an action on the note. If the note had been his individual property by assignment from Forbes Bros., he had a right to indorse it to the plaintiff. Admitting that Forbes had acquired the possession of the note by a payment of the amount due on it to the indorsees, Forbes Bros., we see no legal impediment to his indorsing it, either in his own name or in the name of Forbes Bros., to the plaintiff, especially as it appears that A. Forbes, after the dissolution of the partnership, carried on business in the name of Forbes Bros. It makes no difference that the plaintiff paid nothing for the note. Forbes had the right to indorse it to him whenever the note became his property. He held it with

the same right as any other owner had. When he acquired it from Forbes Bros. he had the right to have it indorsed by that firm in their firm name, and to write over their names an indorsement to himself or any other person.

We cannot understand that there is anything in the relation Forbes bore to Robinson, as a joint payee, that would take away this right from him. By paying Forbes Bros. the amount due thereon on the note, he became its owner, with all the rights of ownership, and could transfer that ownership as any other owner. If he paid the money to Forbes Bros., it does not appear that he used any money of Robinson's to pay it with, and there is no evidence tending to prove, nor is there any principle of law making Forbes Robinson's agent, in paying the amount due on the note to the indorsee, with his own funds, by which such payment inured to the benefit of Robinson, and make Robinson his debtor, on an implied assumpsit for money lent.

What is meant by Forbes paying the note at the time of dissolution? The note had not matured at that time, and did not mature for months after that event. The dissolution was on the 1st of January, 1877, and the note matured on the 23d of March following. What is meant by his paying the note at any time? Certainly, not that he paid it for the makers, Weston and Boushey. If this was done, the note would have ceased to exist, and no action could have been maintained on it against Weston and Boushey. The court did not mean any such thing, for it rendered judgment on it against Weston, Boushey, and Forbes. It could only mean, then, that Forbes paid the amount due on it to his indorsees, Forbes Bros., took it up, and became the owner of it. If this was the case, we have stated what would be the legal result of such conduct.

There is no evidence, in our judgment, that Forbes ever paid the amount due on the note to Forbes Bros. The facts show that he is using a lawful means to collect the amount due on the note for Forbes Bros.

We think that the plaintiff is entitled to maintain the action brought on the note against Robinson, and to judgment against Robinson as well as Forbes for the amount due on the note. Should Robinson be compelled to pay more than his proportion

of this indebtedness, he has recourse to Forbes for what he has been compelled to pay, and we see nothing which will prevent his recovery being effectual. It is not averred that Forbes is insolvent, nor is there any evidence that such is the fact. There is nothing in the cause which would justify us in holding that Forbes should lose his recourse against Robinson for this money, and that the burden of paying the whole of it should be cast on Forbes.

The admission of the record of the suit, *Forbes v. Weston et al.*, and the letter of Forbes to Robinson, was of matters which did not affect injuriously the plaintiff in this case. They show nothing adverse to plaintiff's right to maintain this action. The court erred in holding that the action was barred as to Robinson.

Judgment and order reversed and cause remanded for a new trial, in accordance with the views above expressed.

MYRICK, J., and SHARPSTEIN, J., concurred.