77  263
112  83

77  263
132  630

[No. 11166. In Bank. — October 24, 1888.]

ELIZABETH A. GRANT, RESPONDENT, *v.* M. HEVERIN ET AL., APPELLANTS.

UNDERTAKING ON RELEASE OF ATTACHMENT — ASSIGNMENT BY TRUSTEE AFTER DEATH OF EQUITABLE OWNER — REAL PARTY IN INTEREST. — When a bond to pay any judgment which may be recovered by plaintiff in the action, given in consideration of the release of property attached, is assigned by the plaintiff to a third party, at the request of and in trust for another who paid the consideration of the assignment, and after the death of the equitable owner, the bond is assigned by the trustee to the widow of the deceased, such widow holds the bond in trust for the estate, and having the apparent legal title, may sue thereon as the real party in interest. THORNTON, J., dissenting.

ASSIGNMENT — COLLATERAL AGREEMENT — SUIT BY ASSIGNEE. — When the legal title to anything in action is vested in an assignee, the debtor is completely protected by the assignment against the assignor, and such assignee may sue thereon in his own name, whatever collateral agreements have been made between him and the assignor respecting the proceeds.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

On March 11, 1876, an action was begun by John Hughes against M. Heverin, in which an attachment was issued, and a bond was given by the defendant as security for the satisfaction of any judgment that might be recovered therein, in consideration of the release of the property attached. On March 11, 1878, the plaintiff sold his interest in the bond and cause of action to John

Grant, and at his request assigned the same to Michael Mullany, who prosecuted the action to judgment, which was rendered September 5, 1882. On August 13, 1883, John Grant having previously died, an assignment of the bond and judgment was made by Michael Mullany to his widow, Elizabeth Grant, who brought this action against the sureties upon the bond given for release of the attachment in the original action of *Hughes* v. *Heverin.* The further facts are stated in the opinion of the court.

*M. C. Hassett,* for Appellants.

A trustee cannot assign the subject of the trust, in violation of the trust. (Civ. Code, secs. 2229, 2234.) Mullany could not have maintained an action. (Pen. Code, sec. 161.) Upon the death of Grant, his interest passed to his personal representatives. (Civ. Code, sec. 954.)

*Mich. Mullany,* for Respondent.

The plaintiff may maintain this action. (Pomeroy on Remedies, sec. 132; Bliss on Code Pleading, sec. 51; *Sheridan* v. *Mayor,* 68 N. Y. 30; *Allen* v. *Brown,* 44 N. Y. 229; *White* v. *Steam Tug,* 6 Cal. 471; *McPherson* v. *Weston,* 64 Cal. 275; *Poorman* v. *Mills,* 35 Cal. 119; 95 Am. Dec. 90; *Moore* v. *Waddle,* 34 Cal. 145.) The grantee of the trustee can alone maintain an action upon the legal title, though the conveyance was a breach of the trust. (Perry on Trusts, sec. 328.)

SHARPSTEIN, J.—That John Hugnes, if he had not assigned the undertaking sued on in this action, might have maintained an action against the defendants, is not disputed. But before any action was brought on it, Hughes assigned it to Mullany and Mullany to the plaintiff herein.

The assignment from Hughes to Mullany was made at the instance and request of John Grant, since deceased,

who paid the consideration thereof.  After the death of John Grant, Mullany assigned to the plaintiff, who occupies, in our opinion, the same position that Mullany would have occupied if he had not assigned.  We think that Mullany held the assignment before the death of John Grant in trust for him, and after his death in trust for his estate; and that the plaintiff, since the assignment to her, has held it in trust for such estate.  And yet we think the plaintiff is entitled to maintain an action upon the undertaking as " the real party in interest."

Pomeroy says: "It is now settled by a great preponderance of authority, although there is some conflict, that if the assignment, whether written or verbal, of anything in action is absolute in its terms, so that by virtue thereof the entire apparent legal title vests in the assignee, any contemporaneous collateral agreement, by virtue of which he is to receive a part of the proceeds, 'and is to account to the assignor or other person for the residue, or even thus is to account for the whole proceeds, or by virtue of which the absolute transfer is to be made conditional upon the fact of the recovery, or by which his title, in any other similar manner, is partial or conditional,' does not render him any the less the real party in interest: he is entitled to sue in his own name, whatever collateral arrangements have been made between him and the assignor respecting the proceeds.  The debtor is completely protected by the assignment, and cannot be exposed to a second action brought by any of the parties, either the assignor or other, to whom the assignee is bound to account." (Remedies and Remedial Rights, sec. 132.)  Accepting this, as we do, as a clear and correct explication of the law, we cannot do otherwise than hold that the plaintiff was the real party in interest in the undertaking sued on in this action.  That being so, no material error was committed by the court below, and it follows that the judgment and order should be affirmed.

Judgment and order affirmed.

SEARLS, C. J., McFARLAND, J., and PATERSON, J., concurred.

THORNTON, J., dissenting. — I dissent. I adhere to the opinion drawn by me in this case when in Department Two.

The evidence shows clearly that Mullany had no interest in the undertaking assigned to him, but to hold it for John Grant. He thus became John Grant's trustee or agent, and if either, he could not assign without the consent of Grant. I know of no rule of law which empowers an agent, without authority of his principal, to substitute another agent in his place, or a trustee by his conveyance or assignment to put another person in his place as trustee, without the consent of the beneficiaries.

Mrs. Grant, the plaintiff, was not an innocent purchaser. The evidence on this point is clear and distinct that she paid nothing for the thing assigned to her. She could not, then, be an innocent purchaser, but took with notice of all outstanding equities.

Mullany could maintain the action, but his assignee could not.

As to the question of pleading that the plaintiff is not the real party in interest, it is set up in the answer of the defendant Mallon that the plaintiff is not the real party in interest, and that Mullany is. The answer in this regard is sufficient.

The citation from Pomeroy on Remedies and Remedial Rights, section 132, applies as between Hughes, Mullany's assignor, and Mullany. In my judgment it has no application between Mullany and the plaintiff.

The following is the opinion of Mr. Justice Thornton, above referred to, rendered in Department Two, on the 1st of June, 1888: —

THORNTON, J. — The evidence in this case shows that Mullany, the assignor of the plaintiff, held the under-

taking assigned to him for John Grant; that John Grant was the owner of the undertaking, and that Mullany held the legal title to it for him. The evidence further shows that after John Grant's death Mullany assigned it to his widow, the plaintiff herein.

We are satisfied from the evidence that the plaintiff was not the purchaser for value of the instrument assigned, and further that she was a purchaser with notice of John Grant's title. In fact, we cannot see how she could have been, under the evidence, a purchaser without notice of the character of the title of her assignor, Mullany.

On John Grant's death, the undertaking in suit here passed to his administrator or executor. Mullany then held the legal title to the undertaking in trust for the personal representative of John Grant, and had no right to assign to Grant's widow. The plaintiff has no title on which she can recover.