[No. 18111.   Department One.—November 8, 1893.]

M. B. WEST, APPELLANT, *v.* J. W. CONANT, RESPONDENT.

FORECLOSURE OF MORTGAGE—RIGHTS OF PURCHASER AT SALE—RECEIVER —CROP RAISED BY MORTGAGOR.—Although the purchaser of mortgaged property at a foreclosure sale is entitled to receive from the tenant in possession the rents of the property or the value of the use and occupation from the time of the sale until redemption, still the judgment debtor is entitled to remain in possession of the property until the expiration of the time allowed for redemption, and the purchaser is not entitled to place a receiver in charge of the property during the period of redemption to oust the judgment debtor from the property and take possession of the growing crops.

APPEAL from a judgment of the Superior Court of Butte County.

The facts are stated in the opinion of the court.

*John Gale,* for Appellant.

The plaintiff is entitled to the property purchased by him and to its rents and profits, and as there is danger of their being wasted by the defendant a receiver should be appointed. (*Hill* v. *Taylor,* 22 Cal. 191; *Harrison* v. *Reynolds,* 13 Cal. 514; 73 Am. Dec. 600; *Page* v. *Rogers,* 31 Cal. 301; *Walker* v. *McCusker,* 71 Cal. 594.)

*H. V. Rearden,* for Respondent.

PATERSON, J.—The complaint shows that the plaintiff, to whom the defendant had given a note and mortgage, purchased the property therein described at foreclosure sale, on March 12, 1892, for the sum of $21,414.30 (being the full amount of the judgment, costs and expenses), and received the sheriff's certificate; that the premises had never been redeemed from the sale, and the time allowed by law for the redemption thereof would not expire until several months after the commencement of the action; that the mortgaged premises were of less value than the amount due plaintiff, and afforded an insufficient security for the payment thereof; that ever since the sale the defendant has been in possession of the land, has collected and received all the rents, issues, and profits thereof, and refused to pay over to the plaintiff any portion of the same; that there were large crops of wheat, barley, and hay growing on the premises, which the defendant threatened to harvest and sell, and convert the proceeds thereof to his own use, to the loss of plaintiff in the sum of $4,000; that defendant is insolvent, and has no property subject to execution out of which the value of the rents and profits of the premises, or the value of the use and occupation thereof during the time allowed for the redemption, could be made, and that unless a receiver be appointed to protect the rights and interests of the plaintiff, he will be wholly deprived of the rents and profits and the value of the use and occupation.

Upon the filing of this complaint an order was made appointing a receiver as prayed for. Thereafter, on motion of. the defendant, said order was revoked, the receiver discharged, the demurrer sustained, and the plaintiff's action dismissed.

We think that the judgment should be affirmed. Under our statutes the judgment debtor is entitled to remain in possession of the land until the expiration of the time allowed for redemption. During that period the court may restrain the commission of waste on the property on the application of the purchaser; but we know of no provision of the codes, of any decision, or of any principle upon which the purchaser is entitled to place a receiver in charge of the property during the period of redemption. The defendant had six months within which to determine whether or not he would redeem the property, and was entitled to use the property and take the proceeds thereof. It is true, the statute provides that the purchaser, from the time of the sale until redemption, is entitled to receive from the tenant in possession the rents of the property sold, or the value of the use and occupation thereof, but this is no warrant for the appointment of a receiver to oust the judgment debtor from his possession, and take from him the crops which have been produced through his labor, and that is what was sought in this action. The plaintiff was no more entitled to have a receiver put in charge of the defendant's property than he would have been if he had brought an ordinary action of *assumpsit;* and this is true, even if it be conceded that plaintiff was entitled to sue for " the rents of the property sold, or the value of the use and occupation thereof," before the expiration of the period allowed for. the redemption. ( *White* v. *Griggs,* 54 Iowa, 650.)

In determining the question involved in this appeal, we have again to say that we have received no assistance from the respondent. No brief has been filed, no suggestion made in any form. The vice of such a practice, and the injustice to the court, is especially notice-

able in this case, where we have to go outside of the theory discussed by appellant, and upon which it is asserted the court below proceeded, in order to affirm the judgment.

Judgment affirmed.

HARRISON, J., and GAROUTTE, J., concurred.