[S. F. No. 12327. Department Two.—April 12, 1928.]

LAURA JANE BOYD et al., Appellants, v. MRS. H. BEN-
NEYAN et al., Defendants; MRS. H. BENNEYAN,
Respondent.

G. L. Aynesworth and L. N. Barber for Appellants.

L. B. Hayhurst and K. Kayumjian for Respondent.

SHENK, J.—This is an appeal from an order made after
final judgment ·discharging a receiver and directing the
payment of the balance of moneys in his hands to the de-
fendants.

The action was brought to foreclose a mortgage on real
property given to secure a promissory note in the sum of
$8,750 executed by defendant Mrs. H. Benneyan, in favor
of the plaintiffs. The mortgage by its terms also covered
the rents, issues, and profits of the mortgaged premises.
Before the mortgage was executed, the defendant mortgagor
had signed a marketing contract with defendant Sun-Maid

Raisin Growers of California, pursuant to which the latter was entitled to receive delivery of the 1925 crop of raisins grown on the mortgaged premises. Subsequent to the execution of the mortgage and prior to the commencement of this action, the defendant Mrs. H. Bennyan gave to each of the defendants Paul Enochian and M. S. Constantian a mortgage on the 1925 crop to secure payment of notes for $1,475.71 and $856, respectively. All of these mortgages were duly recorded. At the commencement of the action a receiver was appointed by the court to take possession of the mortgaged premises, manage, cultivate, and farm the same, harvest, sell, and dispose of the crops, and collect and hold the rents, issues, and profits subject to the further order of the court. The order appointing the receiver was made on a showing that the value of the premises was less than the mortgage debt and that the defendant mortgagor was insolvent. Upon a hearing the trial court found the facts, concerning which there is no dispute, and entered its decree of foreclosure wherein it was adjudged that the plaintiffs were entitled to a sale of the mortgaged premises; that the receivership be continued to carry out the provisions of the decree and ordered that the rents, issues, and profits received from the property prior to the sale be applied to the payment of any deficiency, and that the rents, issues, and profits arising after the sale and during the period of redemption be paid to the *purchaser* at said sale. Pursuant to the decree, and on April 14, 1925, a sale of the premises was conducted at which plaintiffs became the purchasers. A deficiency judgment in their favor in the sum of $1,435.58 was entered. No appeal was taken from the judgment and no motion was made to set it aside, until the events hereinafter related. The receiver took possession at the time of his appointment and farmed the premises. After the sale, but within the period of redemption, he harvested the crops and delivered them to the defendant Sun-Maid Raisin Growers of California. Out of the proceeds which he received therefor, after deducting his expenditures, he reported a balance on hand of $234.20. There were, however, further sums to be received from the defendant Sun-Maid Raisin Growers, on account of the sale and delivery to that corporation of the crops involved. On February 4, 1926, the report of the receiver was approved, whereupon the court

ordered that said balance on hand be paid to the plaintiffs who were the owners and holders of the deficiency judgment.

On, the nineteenth day of February, 1926, pursuant to notice, the defendant Mrs. Benneyan moved the court to modify the decree of foreclosure as to the continuance in office of the receiver during the period of redemption and as to the disposition of the proceeds from the sale of the 1925 crops grown and produced on the mortgaged premises, and to discharge the receiver and order payment of the proceeds from the sale of the crops to defendants to apply on the notes secured by crop mortgages hereinbefore mentioned. The motion was made on the ground that the order continuing the receiver in office was contrary to law and therefore void and that the defendant mortgagees were entitled to the proceeds from the sale of the crops. The motion was submitted to the court for decision and several months after the period of redemption had expired the following order was made pursuant to said motion: ''It is ordered that the receiver heretofore appointed in the above entitled action be and he is hereby discharged; and that all moneys received by him since the filing of his last report herein be paid over by him to the said defendants.'' From this order the plaintiffs have appealed. They contend that the rights of the parties were established by the decree of foreclosure and that the motion, pursuant to which the order appealed from was made, was a collateral attack upon the judgment and beyond the power of the court to grant.

It is beyond question that the court, when the foreclosure proceeding was instituted, had the power in its discretion to appoint a receiver where, as here, a proper showing had been made. (Sec. 564, Code Civ. Proc.) And the power of the court to continue the receiver in possession until the sale of the mortgaged premises is not here questioned. A sharp dispute has arisen between counsel as to the power of the court to continue the receiver in possession after the sale and during the period of redemption. The plaintiffs contend that the court had such power and cite in support of their contention numerous cases in other jurisdictions where the appointment of a receiver to take or continue in possession of the mortgaged premises during the period of redemption has been upheld, but upon examination we find them to be cases where the purpose of the

receivership during the period of redemption was to satisfy a deficiency judgment, if any, entered after the judicial sale. The continuance of the possession of the receiver after the sale and during the period of redemption for the purpose of satisfying a deficiency judgment has likewise been sanctioned in this state. (*Montgomery* v. *Merrill*, 65 Cal. 432 [4 Pac. 414].) The foreclosure decree in this case, however, did not require that the funds in the hands of the receiver as a result of his operations during the period of redemption be applied to any deficiency, but specifically provided that the rents, issues, and profits arising from the possession of the premises *after* the sale and during the period of redemption be paid to the *purchaser* at such sale. We think that such an order of the trial court, made either in the decree of foreclosure itself or independently thereof, was not only erroneous but was in excess of the power of the court. If it had been provided that the receiver continue in possession for the purpose of the application of the funds properly coming into his hands during the period of redemption to the satisfaction of a deficiency judgment, if any, the situation would have been different, but we know of no law which authorizes the court to appoint a receiver or to continue a receiver in possession of the mortgaged property during the period of redemption for the purpose of paying the rents, issues, and profits to the *purchaser* at the sale. As was said in *West* v. *Conant*, 100 Cal. 231, at page 233 [34 Pac. 705, 706]: "We know of no provision of the codes, of any decision, or of any principle upon which the purchaser is entitled to place a receiver in charge of the property during the period of redemption." True, the purchaser is entitled to the rents of the property sold or to the value of the use and occupation thereof during the period of redemption under section 707 of the Code of Civil Procedure, but such statutory right affords no sufficient reason for the appointment of a receiver merely to secure to the purchaser the rent or the value of the use and occupation of the premises during the period of redemption and there appears to be no reason at all for the appointment of a receiver to take from the mortgagor his right of possession during the period of redemption for the benefit of the *purchaser* or to appropriate to the use of the *purchaser* the issues and profits arising from such possession during that period.

The fact that in this case the mortgagees happened to be the purchasers is of no controlling significance. The purchasers might have been strangers to the mortgage. The price they bid for the property is presumed to be its value and they have no further concern except to see that their rights as *purchasers* are protected and that they receive from those in possession of the property the rents, or the value of the use and occupation during the period of redemption. The provision of the judgment here assailed does not purport to be for the protection of the owners or holders of a deficiency judgment, but only for the benefit of the *purchasers* and as there is no authority in law for the appointment of a receiver for the benefit of the purchaser, as such, we think such provision was void on its face and, being severable from the admittedly valid provision for the appointment of a receiver to hold prior to the sale, is subject to the attack made upon it and could and should be disregarded by the court in its disposition of said motion.

■ The account of the receiver was approved on February 4, 1926, and the balance then in his possession after the payment of his expenses and fees was ordered paid on account of the deficiency judgment. As to this order there is no objection on the part of any of the parties. The disposition of the collections by the receiver after this report and prior to his discharge forms the basis of this controversy. The period of redemption expired on April 14, 1926, and the receiver was discharged by order of the court on July 30, 1926. As there is no contention by the plaintiff that any moneys in the hands of the receiver and subject to the order of July 30, 1926, came into his hands or that the right thereto accrued prior to the sale, it must be assumed that the right to all funds involved on this appeal and coming into the hands of the receiver accrued after the sale and during the period of redemption. Such being the case, the funds in the possession of the receiver at the time of his discharge were subject to disposition by the court at that time as the "further order of the court" specified in the original order appointing the receiver and made in the exercise of a wise discretion. We cannot say on the record before us that the court abused its discretion in making the order appealed from. It is conceded, of course, by the

plaintiffs that said order of July 30, 1926, in so far as it provided for the discharge of the receiver, was within the power of the court to make.

The order is affirmed.

Richards, J., and Langdon, J., concurred.