[Civ. No. 8053. First Appellate District, Division Two.—December 21, 1931.]

P. M. REIDY, Plaintiff and Respondent, v. J. R. YOUNG et al., Defendants.

MERCHANTS NATIONAL TRUST AND SAVINGS BANK OF LOS ANGELES (a National Banking Association), Cross-Complainant and Respondent, v. ONNIK TIMOURIAN et al., Appellants.

Arsen Yeretzian for Appellants.

F. E. Davis for Plaintiff and Respondent.

Rohe & Freston and Ralph E. Lewis for Cross-complainant and Respondent.

NOURSE, P. J.—Plaintiff sued to foreclose a mortgage on real property. By an amended complaint Merchants National Trust and Savings Bank of Los Angeles was joined as a party defendant. This party filed a cross-complaint joining plaintiff and the original defendants as cross-defendants. The trial was had on the cross-complaint. The trust company had judgment for foreclosure of the mortgage which it held as collateral security for a loan to plaintiff Reidy. The latter had judgment for the amount due him after the trust company's claim had been satisfied which was made payable out of the proceeds of the sale on foreclosure. The case was dismissed as to the defendant Young, the maker of the note which the mortgage secured. There was no deficiency judgment. The defendants Onnik Timourian and wife purchased the property subject to the mortgage prior to the institution of these proceedings. Against them the judgment awarded costs accruing subsequent to the filing of their answer to the cross-complaint. Upon the filing of

the original complaint, and based upon its allegations, a receiver was appointed who took possession of the property and collected all rents and profits. Prior to the entry of judgment the defendants moved for the discharge of the receiver on the grounds that the issues having been tried on the cross-complaint, the receiver's appointment upon the original complaint which was held not to state a cause of action was no longer justified; and, the action having been dismissed as to the maker of the note, and hence no deficiency judgment being possible, the jurisdiction of the court to continue the receiver was exhausted. This motion was denied and judgment was entered upon the cross-complaint as indicated. In this judgment and decree the receiver was continued in possession of the property "until the judgment has been paid in full and until the further order of this Court . . . , That if the rents, profits and returns of said receivership exceed the costs of operation and administration that such sums as are now or *may hereafter* come into the possession of said receiver shall be first applied to the claim of the Merchants National Trust and Savings Bank of Los Angeles; secondly . . . " During the course of the proceedings the trial court, upon motion of plaintiff Reidy, ordered the receiver to reimburse him for moneys advanced by him to the receiver for payment of taxes assessed to the property in suit. The defendants Timourian appealed from the latter order, from the order refusing to discharge the receiver and from the judgment and decree. These appeals were all made in one notice and are presented on the same typewrittn transcripts.

The first point raised by appellants is that plaintiff Reidy could not sue to foreclose the note and mortgage because he had assigned them to the trust company as collateral security for another loan. It was on this ground that the trial court sustained appellants' demurrer to the Reidy complaint. Following that order the complaint was amended by joining the trust company as a party defendant and then the trust company filed its cross-complaint upon which the trial was held. The accepted view is that the assignor may sue with the consent of the assignee or may make the latter a party. (3 Cal. Jur., p. 291.) Here the trial was actually held upon a pleading filed by the assignee, but with the consent of the assignor and, if they

choose to proceed in this manner it was no ground for complaint on the part of these appellants.

Secondly, it is argued that when the action has been dismissed as to the maker of the note and the complaint contains no allegation of personal liability as to any other party, the action is one *in rem* only and no deficiency judgment can be entered. This is conceded and, because of it, the decree is free from any deficiency award within the ordinary contemplation of that term.

In view of this situation it is then argued that the continuance of the receiver after the sale was beyond the jurisdiction of the court. The respondents make no answer to the point except that the appointment of a receiver in foreclosure proceedings is within the discretion of the court. But judicial discretion must be within the limits of the court's jurisdiction. Here the decree continued the receiver in possession after the sale and "until the further order of the court", with directions to pay the rents and profits to the trust company and other claimants and to deposit the remainder in court. Under the provisions of section 707 of the Code of Civil Procedure the purchaser is entitled to the rents and profits during the period of redemption. But this right "affords no sufficient reason for the appointment of a receiver merely to secure to the purchaser the rent, etc.". (*Boyd* v. *Benneyan*, 204 Cal. 23, 26 [266 Pac. 278, 280].) In that case, as here, the mortgage covered the rents, issues and profits of the property and the Supreme Court held that if the receiver were appointed for the purpose of paying these rents in satisfaction of a deficiency judgment the appointment would have been within the jurisdiction of the court, but, otherwise, the court was without power to remove the mortgagor from his right of possession during the period of redemption. The effect of the decree as entered was to limit the mortgagee's recovery to the proceeds of the sale on foreclosure and hence the order continuing the receiver in possession added materially to the costs to be assessed against these appellants. For this reason the judgment should be modified by striking therefrom that portion continuing the receiver in possession after the sale.

On the second appeal—that from the order refusing to discharge the receiver—it is sufficient to say that this

order was made prior to the entry of judgment and prior to the determination whether a deficiency judgment should be entered. From what we have said, if such a judgment had been entered, then the continuance of the receiver would have been proper. From the record before us we cannot say that there was any error in the order appealed from.

As to the third appeal—that from the order directing the receiver to reimburse the plaintiff for taxes advanced during the receiver's possession—it is sufficient to say that this was an indebtedness which was admittedly due, and that appellants have advanced no reason why the order was not properly made.

The orders appealed from are affirmed. The judgment is modified by striking therefrom the provisions thereof continuing the receiver in possession after the sale, and, as so modified, the judgment is affirmed, appellants to have their costs.

Sturtevant, J., and Spence, J., concurred.