[L. A. No. 14084. In Bank.—October 20, 1933.]

THE FIRST NATIONAL TRUST AND SAVINGS BANK OF SAN DIEGO (a Corporation), as Executor, etc., Respondent, v. W. S. STALEY et al., Appellants.

W. S. Staley, *in pro. per.*, for Appellants.

John A. Hewicker for Respondent.

PRESTON, J.—In this cause, plaintiff, a personal representative of the mortgagee, by due proceedings in foreclosure, caused to be sold at a regular sale the premises in dispute and became the purchaser thereof on behalf of his testate on October 29, 1932, and the time for redemption will expire on October 29, 1933. Appellant Nicoll holds the legal title to said property through mesne conveyances from the original mortgagor. She was the sole defendant in the foreclosure proceeding. The property involved is in San Diego and consists of a large lot on which are located some seven or eight tenements which now are and have heretofore been rented to tenants of moderate means. Since the foreclosure and sale a continuous scramble for rents from these tenants has been carried on by plaintiff on the one hand and defendant on the other, the latter being guided

and controlled by her attorney, defendant Staley. The present proceedings are the outgrowth of this controversy.

Plaintiff sued for an injunction restraining interference by defendants in its campaign to collect and appropriate said rents. Defendant Nicoll demurred to the complaint on general grounds. Her demurrer was overruled and, failing to ask permission to answer, that right was cut off, followed by the granting of a permanent injunction restraining her from in anywise interfering with the collection of these rents and also from harassing or annoying said tenants.

Defendant Staley also demurred to the complaint. His demurrer was overruled. He later answered. A demurrer to his answer and a motion to strike out certain allegations thereof were then interposed; the demurrer was sustained and the motion granted. Later a final decree, similar to the one against defendant Nicoll, was duly entered against this defendant also. Both these defendants filed notices of appeal from the said decrees and orders.

The basic question is: What are the rights of the parties in view of the provision of section 707 of the Code of Civil Procedure as follows: "The purchaser from the time of the sale until a redemption, and a redemptioner, from the time of his redemption until another redemption, is entitled to receive, from the tenant in possession, the rents of the property sold, or the value of the use and occupation thereof." This section has been held to authorize a suit by the purchaser at a foreclosure sale during the period of redemption against the tenant for the rents due from him. (*Walker* v. *McCusker*, 71 Cal. 594 [12 Pac. 723]; *Clarke* v. *Cobb*, 121 Cal. 595 [54 Pac. 74].) But nothing in said section purports to give to the purchaser the further right, during the period of redemption, of invading the possession of the premises held by the mortgagor or his successor in interest. In fact the authorities are clear that the mortgagor, during the period of redemption, is, under all ordinary circumstances, entitled to remain in possession of the property. (*McClintock* v. *Powley*, 210 Cal. 333, 337 [291 Pac. 833]; *Shintaffer* v. *Bank of Italy*, 216 Cal. 243 [13 Pac. (2d) 668].) Indeed, section 706 of the Code of Civil Procedure, which authorizes a suit to restrain the commission of waste on the property, concedes this right to the mortgagor.

■ In this cause the further fact should be noted that the purchaser bid for the property the entire amount of the debt and costs and did not ask for a deficiency judgment. This being true, a receiver would not be authorized. (*Boyd* v. *Benneyan*, 204 Cal. 23, 26 [266 Pac. 278]; *Reidy* v. *Young*, 119 Cal. App. 322, 325 [6 Pac. (2d) 112].) If the appointment of a receiver would not be authorized, we do not see how an injunction, having practically the same effect, can be justified.

■ Neither is there a sufficient showing of the commission of waste because, but for the interference of plaintiffs, defendant would have continued in possession of the property in the same way and manner in which she had theretofore held it. (Sec. 706, Code Civ. Proc.) It is true that plaintiff alleges that it was in possession of the property, but the facts show that this possession was at most merely constructive and, moreover, defendant Staley put in issue, by his answer, the question of possession by his denial of possession in plaintiff.

The judgment as to both defendants is reversed.

Curtis, J., Thompson, J., Waste, C. J., and Seawell, J., concurred.