[Civ. No. 8958. First Appellate District, Division One.—March 29, 1934.]

M. H. MOSIER et al., Plaintiffs and Respondents, v. SUBURBAN ESTATES, INC., LTD. (a Corporation), Appellant; FARMERS & MERCHANTS NATIONAL BANK OF LOS ANGELES (a Banking Corporation), Intervener and Respondent.

Farrand & Slosson and Chapman & Chapman for Appellant.

Meserve, Mumper, Hughes & Robertson and Pace, Smith & Purdue for Respondents.

GRAY, J., *pro tem.*—In this action plaintiffs sought the collection of two promissory notes, each in the principal sum of $100,000 and the establishment of a vendor's lien upon certain lands, as security therefor. The judgment decreed that plaintiffs should recover from the defendant Suburban Estates, Inc., Ltd., a corporation, the sum of $231,676.88 due on the notes, but that they had no lien on the lands. This defendant alone appeals, upon the judgment-roll, from the money part of the judgment, contending that the action was not prosecuted in the name of the real party in interest, as required by section 367 of the Code of Civil Procedure, because the facts found by the court show that the intervener, Farmers and Merchants National Bank of Los Angeles, and not plaintiffs, was the owner and holder of the notes.

Only the following of such facts need be considered in passing upon this contention. On December 24, 1925, defendant, as part of the purchase price of the lands, executed and delivered to The Sunshine Co., a corporation, the notes, due respectively in two and three years after date. On February 24, 1926, The Sunshine Co., by a written declaration of trust, assigned the notes to intervener, as security for certificates of beneficial ownership which were to be issued in accordance with such declaration. The declaration of trust, briefly stated, authorized the intervener to receive payments on the notes, to sell or to collect them by legal action and, when received, to disburse the proceeds to the holders of such certificates. On July 16, 1926, The Sunshine Co. was dissolved by legal proceedings and plaintiffs, its then directors, became trustees for the creditors and stockholders of the corporation. The declaration of trust had never been terminated; certificates, in an unstated amount, were outstanding in the hands of unnamed parties, and the notes were due, owing and unpaid. The intervener, by its complaint in intervention, adopted all the allegations of plaintiffs' complaint and asked that judgment be given in favor of plaintiffs.

■ "As was said by this court in *Philbrook* v. *Superior Court,* 111 Cal. 31 [43 Pac. 402] : 'A defendant's right is to have a cause of action prosecuted against him by the real party in interest, but, as has been elsewhere pointed out (*Giselman* v. *Starr,* 106 Cal. 651 [40 Pac. 8]), his concern

ends when a judgment for or against the nominal plaintiff would protect him from any action upon the same demand by another, and when, as against the nominal plaintiff, he may assert all defenses and counterclaims available to him, were the claim prosecuted by the real owner.' (See, also, *McPherson* v. *Weston*, 64 Cal. 275 [30 Pac. 842; *Grant* v. *Heverin*, 77 Cal. 263 [18 Pac. 647, 19 Pac. 493]; *Toby* v. *Oregon Pac. R. R. Co.*, 98 Cal. 490 [33 Pac. 550]; *Herman* v. *Hecht*, 116 Cal. 553 [48 Pac. 611]; *Greig* v. *Riordan*, 99 Cal. 316 [33 Pac. 913].)'' (*Iowa & Cal. Land Co.* v. *Hoag*, 132 Cal. 627, 630 [64 Pac. 1073, 1074].) ▮ Plaintiffs were entitled to maintain the action, since the assignee of the notes, by its complaint in intervention, in effect, consented thereto (*Reidy* v. *Young*, 119 Cal. App. 322 [6 Pac. (2d) 112]). By its complaint in intervention the assignee of the notes became a party in the action and the judgment was therefore binding and conclusive on it (34 C. J. 1005). The adoption of all the allegations of plaintiffs' complaint and the request that plaintiffs recover, contained in the complaint in intervention, will estop the bank from subsequently claiming that it, as assignee, is entitled to collect the notes. The defendant makes no claim that it was deprived of any defense it had against the notes, because the action was not commenced by the intervener. Indeed, it is difficult to see how such claim could be made, since the plaintiffs stood in place of the payee of the note and the assignee had intervened. Under the above-cited rule, the defendant's technical objection is without merit.

The judgment is affirmed.

Cashin, J., and Knight, Acting P. J., concurred.