250 P.2d 763]

**Appellate Department, Superior Court, Fresno**

[Civ. A. No. 1.   May 23, 1952.]

CHARLES L. MATHIS, Appellant, v. HARRY SHAMOON
et al., Respondents.

Hadden and Hadden for Appellant.

Martin C. Thuesen for Respondents.

DE WOLF, J.—It appears from the engrossed narrative statement of facts, on which this case was submitted to this court on appeal, that the action in the lower court was filed

by Charles L. Mathis, doing business as Mathis and Bolinger Furniture Company, with the consent of the Furniture Contracts Company, who was the original assignee from the Mathis and Bolinger Furniture Company. ▮ In *Reidy* v. *Young*, 119 Cal.App. 322, 324 [6 P.2d 112], it is said:

"The accepted view is that the assignor may sue with the consent of the assignee . . ."

And in *Mosier* v. *Suburban Estates, Inc., Ltd.*, 137 Cal.App. 574, 576 [31 P.2d 209], the court stated:

"Plaintiffs were entitled to maintain the action, since the assignee of the notes, by its complaint in intervention, in effect, consented thereto."

A fair reading of the appellant's engrossed narrative statements of facts leaves an undisputed conclusion that the plaintiff in this action filed suit with the consent of the assignee, and by virtue of the law stated in the cited cases it appears that the judgment of the trial court should be reversed.

Although the following is not to be construed as a basis on which this case is to be reversed, it may be noted in passing that there is evidence in the case which might be construed as evidence of an assignment, for example the evidence of what Mathis did prior to taking the note and contract to his attorney, together with the evidence of the physical delivery of the note to the attorney.

It is therefore ordered that the judgment of the trial court is reversed, and the cause is remanded from the Appellate Department of the Superior Court to the Municipal Court of the Fresno Judicial District for a new trial.

Shepard, P. J., and Conley, J., concurred.