NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STATE BANK OF TEXAS, a Texas state-chartered bank, as successor-in-interest to the original lender, <br><br>         Plaintiff-Appellee, <br><br>  v. <br><br> SAM PARABIA, an individual; PERIN PARABIA, an individual, <br><br>         Defendants-Appellants, <br><br>  and <br><br> DOES, 1 through 10 inclusive; FARZIN MORENA, an individual; CITIZENS BUSINESS BANK, a California corporation; AYER CAPITAL ADVISORS, INC., a New York corporation, <br><br>         Defendants. | No.   20-55154 <br><br> D.C. No. 3:14-cv-03031-L-DHB <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted February 10, 2021**

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **    The panel unanimously concludes this case is suitable for decision

Pasadena, California

Before: M. SMITH, MURGUIA, and OWENS, Circuit Judges.

In 2017, the district court issued a default judgment in favor of Plaintiff-Appellee State Bank of Texas (the Bank) against Defendants-Appellants Sam and Perin Parabia (the Parabias), allowing the Bank to foreclose on the property at issue. The Parabias appeal two subsequent orders related to the foreclosure proceedings. This court has jurisdiction under 28 U.S.C. § 1291. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We **AFFIRM** the decisions of the district court.

1. The Parabias first appeal the district court's order distributing and disbursing the proceeds from the foreclosure sale. The Parabias argue that "California law does not allow a judgment creditor to change its bid after a sale has occurred to a credit bid." The Bank complied with California law in paying for the property after its successful bid. As the record demonstrates, the Bank gave the U.S. Marshal a cashier's check on the day of the sale for 10% of the purchase price and provided two additional checks for the remaining amount due during the following week. California law expressly contemplates this method of payment. *See* Cal. Civ. Proc. Code § 701.590(b)–(c).

Next, the Parabias argue that the district court erred in distributing post-

without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

judgment attorneys' fees to the Bank. The Parabias' response to the Bank's distribution motion did not make this argument, as the district court noted. "As a general rule, we will not consider arguments that are raised for the first time on appeal." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Thus, the Parabias have waived this argument. *See Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1213 (9th Cir. 2020). The Parabias' final argument—that "[t]he sale resulted in excess funds of at least $73,475.30"—appears to be related to the post-judgment attorneys' fees. They also waived that issue.

2. Next, the Parabias argue that the district court erred "when it granted [the Bank] a judgment for post foreclosure rent incurred during the redemption period." The Parabias contend that the Bank had to bring a separate suit for the rent amount, rather than bringing a motion within the foreclosure suit.

California law states that "[f]rom the time of the sale until a redemption, the purchaser is entitled to receive from the person in possession the rents and profits from the property or the value of the use and occupation of the property." Cal. Civ. Proc. Code § 729.090(a). As the Parabias point out, the comment to the statute provides that "[r]ents and profits that are not offset . . . may be recovered in an action." *Id.* cmt. Neither the statute nor the comment define "action."

California law also allows a court to appoint a receiver "in which an action or proceeding is pending . . . after sale of real property pursuant to a decree of

foreclosure, during the redemption period, to collect, expend, and disburse rents as directed by the court or otherwise provided by law." Cal. Civ. Proc. Code § 564(b)(4). Under § 564(b)(4), "a receiver may be appointed to d[ispose] of property according to the previously entered judgment. In essence, a receiver may be appointed to enforce a judgment." *Gold v. Gold Realty Co.*, 8 Cal. Rptr. 3d 118, 127–28 (Ct. App. 2003). The district court had jurisdiction pursuant to § 564(b)(4) to appoint a receiver to collect rents during the redemption period. Additionally, in its temporary restraining order, the district court explicitly "retain[ed] jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which have been and may have be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of" the district court. Similarly, in *Gold*, the trial court retained jurisdiction over the case. *See Gold*, 8 Cal. Rptr. 3d at 121. Thus, the district court did not err in granting the Bank's motion to collect rent during the redemption period.[1]

**AFFIRMED.**

---

[1] The cases cited by the Parabias do not change this outcome. In both *Walker v. McCusker*, 12 P. 723 (Cal. 1887), and *First National Trust and Savings Bank of San Diego v. Staley*, 25 P.2d 982 (Cal. 1933), the California Supreme Court noted that the plaintiffs in those cases filed suit to collect rent, but never *required* that a plaintiff file a separate suit. *See McCusker*, 12 P. at 724; *Staley*, 25 P.2d at 982.

4